**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICIA JOHNSON, | No. 18-55279 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-01373-JGB-SP |
| v. | |
| OCWEN LOAN SERVICING, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted November 27, 2018**

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Alicia Johnson appeals pro se from the district court's order dismissing her

action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and

state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

district court's dismissal under Federal Rule of Civil Procedure

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Johnson's FDCPA claims because Johnson failed to allege facts sufficient to state plausible claims. *See* 15 U.S.C. § 1692f(6) (prohibiting foreclosure proceedings without a present right to possession of the property); 15 U.S.C. § 1692j (prohibiting creation of false belief in a consumer that a person other than the creditor is seeking to collect a debt); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Johnson's claim for violation of Cal. Civ. Code § 2934a because Johnson failed to allege facts sufficient to show that the substitution of trustee was improper. *See* Cal. Civ. Code § 2934a(a)(1)(A) (a substitution of trustee may be executed and acknowledged by the beneficiary under the deed of trust); Cal. Civ. Code § 2934a(d) ("Once recorded, the substitution [of trustee] shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section."); *Aceves v. U.S. Bank, N.A.*, 120 Cal. Rptr. 3d 518, 518-19 (Ct. App. 2011) (noting that § 2934a does not preclude attorney-in-fact from signing substitution on behalf of beneficiary).

The district court properly dismissed Johnson's cancellation of instruments

claim because Johnson failed to allege facts sufficient to show that the title documents were either void or voidable or that there was a reasonable apprehension of serious injury if the instruments were not cancelled. *See Thompson v. Ioane*, 218 Cal. Rptr. 3d 501, 512 (Ct. App. 2017) (setting forth elements of cancellation of instruments claim under California law).

The district court properly dismissed Johnson's unfair competition claim because Johnson failed to allege facts sufficient to show that defendants engaged in business acts that were independently unlawful, unfair or fraudulent. *See* Cal. Bus. & Prof. Code § 17200 (prohibiting "any unlawful, unfair or fraudulent business acts").

The district court properly considered materials Johnson attached to the complaint in ruling on defendants' motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (material properly submitted as part of the complaint may be considered in ruling on a motion to dismiss).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-55279